cv5-061 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00061-CV







Board of Law Examiners of The State of Texas, Appellant



v.



James Brian Allen, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-07537, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








 The Board of Law Examiners ("Board") found James Brian Allen to be chemically
dependent and recommended him for a probationary license to practice law in Texas. The district
court reversed the decision, holding that the Board's order was not supported by substantial
evidence. Because we find that substantial evidence does exist to support the Board's order, we
will reverse the judgment of the district court.



BACKGROUND


 Appellee James Brian Allen applied for admission to the State Bar of Texas on
August 25, 1993. The Board of Law Examiners made a preliminary determination that Allen
might suffer from chemical dependency based on certain disclosures Allen made in his Declaration
of Intention to Study Law and in the application itself. Because of this determination, the Board
was required to order Allen to submit to a treatment facility for a chemical dependency evaluation,
and Allen was evaluated on December 3, 1993. See Tex. R. Governing Bar Admission 10(b)(1). 


 The Board held a hearing on April 22, 1994 to determine if Allen actually did
suffer from chemical dependency. Notably, Allen conceded that there was sufficient evidence for
the Board to make a preliminary determination of chemical dependency and thus to justify the
hearing. At the hearing, the Board determined that Allen, in fact, suffers from chemical
dependency and ordered that he be awarded a probationary license for a period of two years,
subject to certain restrictions and conditions. These conditions included, among other things,
abstinence from alcohol, obtaining psychiatric or psychological care, compliance with the
Lawyer's Assistance Program, participation in Alcoholics Anonymous, and submission to random
alcohol/drug screens. 

 Allen exercised his right to judicial review, and the district court found that the
Board's order was not supported by substantial evidence. The district court remanded the case
to the Board and ordered that the "Board immediately certify James Brian Allen to the Supreme
Court of Texas for issuance of a regular license to practice law."



DISCUSSION


 Appellant Board attacks the judgment of the district court by three points of error. 
In its first two points of error, the Board asserts that the trial court erred in setting aside the
Board's order because: (1) the chemical dependency evaluation was properly before the Board
for consideration, and (2) the order is supported by substantial evidence in the record even in the
absence of the chemical dependency evaluation. In its third point, the Board asserts that the trial
court abused its discretion by ordering the Board to certify Allen to the supreme court for issuance
of a regular license to practice law.

 We will initially address the Board's second point of error in which it argues that
the trial court erred in setting aside its order because the order is supported by substantial
evidence even in the absence of the chemical dependency evaluation. We note that, because of
its supervisory role in the admission process, the Board is essential to preserving the integrity and
character of the Texas Bar. Board of Law Examiners v. Stevens, 868 S.W.2d 773, 776 (Tex.),
cert. denied, 114 S. Ct. 2676 (1994). The supreme court grants the Board considerable discretion
to evaluate applicants based upon the promulgated admission standards. Id. at 776. Before it may
recommend a person for a license, however, the Board must be convinced "that the person is of
the moral character and of the capacity and attainment proper for that person to be licensed." 
Tex. Gov't Code Ann. § 82.004(c) (West 1988). 

 The Rules Governing Admission to the Bar of Texas (the "Rules"), which have the
same effect as statutes, dictate that the Board shall complete an investigation and determine that
an applicant possesses good moral character and fitness before that person shall be eligible for bar
admission. Tex. R. Governing Bar Admission 4(a). 



Fitness, as used in these Rules, is the assessment of mental and emotional health
as it affects the competence of a prospective lawyer. The purpose of requiring an
Applicant to possess this fitness is to exclude from the practice of law any person
having a mental or emotional illness or condition which would be likely to prevent
the person from carrying out duties to clients, courts or the profession. A person
may be of good moral character, but may be incapacitated from proper discharge
of his or her duties as a lawyer by such illness or condition.


Tex. R. Governing Bar Admission 4(c). When the Board makes a negative character and fitness
determination, an applicant is entitled to judicial review of the Board's decision. See Tex. R.
Governing Bar Admission 15(i). The reviewing court may affirm or remand the matter to the
Board depending on whether or not the decision "is reasonably supported by substantial
evidence." Tex. R. Governing Bar Admission 15(i)(5) (emphasis added). 

 The Administrative Procedure Act ("APA") does not govern Board procedures,
however, reference to the APA sections which address the scope of judicial review under the
substantial evidence rule is beneficial. See Stevens, 868 S.W.2d at 777 (citing Tex. Gov't Code
Ann. §§ 2001.001-2001.902 (West 1995)). Under the APA, "a court may not substitute its
judgment for the judgment of the state agency on the weight of the evidence on questions
committed to agency discretion." Tex. Gov't Code Ann. § 2001.174 (West 1995); see Railroad
Comm'n v. Pend Oreille Oil & Gas Co., 817 S.W.2d 36, 41 (Tex. 1991) (substantial evidence
rule "prevents the court from usurping the agency's adjudicative authority even though the court
would have struck a different balance"). A court may affirm the agency decision in whole or in
part and must reverse or remand the agency's decision only if "the administrative findings,
inferences, conclusions, or decisions are: . . . (E) not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary
or capricious or characterized by abuse of discretion or clearly unwarranted exercise of
discretion." Tex. Gov't Code Ann. § 2001.174; see also Stevens, 868 S.W.2d at 777-78 (quoting
same statute). "Although substantial evidence is more than a mere scintilla, the evidence may
actually preponderate against the decision of the agency and nonetheless amount to substantial
evidence." City of El Paso v. Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex. 1994) (emphasis
added). 

 In this case, Allen put his fitness to practice law in issue through statements he
made in his Declaration of Intention to Study Law and in his application for admission to the
Texas Bar. At the hearing to determine chemical dependency, Allen's testimony indicated that
he had a past history of alcohol abuse. Evidence established that Allen applied for admission to
the Oklahoma bar in July of 1993. In his application, Allen admitted to the Oklahoma Board of
Law Examiners that he had been addicted to alcohol. He testified that he dropped out of
Oklahoma City University Law School in 1991 because of alcohol abuse. Allen also affirmed that
he unsuccessfully attempted to stop drinking some time before August of 1989. 

 Additionally, Allen discussed civil and criminal legal problems that had arisen as
a consequence of excessive drinking. Specifically, in 1985, Allen was arrested for public
intoxication when the car in which he was a passenger was pulled over and a small quantity of
marijuana was found in the car. In 1988, Allen was arrested and charged with driving while
intoxicated. Allen had a .21 blood-alcohol content and was driving down the wrong side of the
road when he collided head-on with a pickup truck. Further, in 1991, Allen was charged with
criminal trespass and disorderly conduct because he unwittingly entered someone else's house
while he was intoxicated.

 Despite his statements in the Oklahoma application, Allen testified that it was now
his belief that he drank alcohol in an attempt to self-treat the depression from which he suffered
and that he was not addicted to alcohol. Allen explained that the only reason he told the
Oklahoma Board that he was addicted was to offer something by way of explanation for his
behavioral wrongdoings.

 Allen's medical expert, Dr. Richard E. Coons, testified that he administered a
general psychiatric exam to Allen on March 23, 1994 and determined that Allen was suffering
from depression. Dr. Coons stated his belief that Allen was overdrinking at least in part to self-treat his depression and that Allen was less likely to resort to alcohol if he was cured of the
depression. However, Dr. Coons admitted in his testimony that, if Allen stopped taking his
prescribed anti-depressant medication, a further problem with alcohol was a possibility. 

 Allen was sober from December 1992 until the date of the hearing. During this
time he married and found strength in his spouse as well as in his church. Allen testified that he
was now more confident, was sleeping better and that his anxiety level had dropped. He believed
that his anti-depressant medicine was effectively curing him and claimed that he no longer desires
alcohol. It is also noteworthy that Allen was employed as a legal intern in an Austin law office
at the time of the hearing and had been so employed since July or August of 1993. Will Wilson,
an attorney in that office, testified that Allen has properly discharged his duties under the Code
of Professional Responsibility and that he believed Allen would continue to do so. 

 Allen asserts that he is not presently chemically dependent as evident by his
seventeen months of sobriety. According to Allen, his past behavioral indiscretions are not
indicative of present chemical dependency. Allen points to Texas Rule Governing Bar Admission
4(c), which states that "[t]he fitness required is a present fitness, and prior mental or emotional
illness or conditions are relevant only so far as they indicate the existence of a present lack of
fitness." The supreme court, however, granted the Board considerable discretion in evaluating
applicants based upon the promulgated admission standards. Stevens, 868 S.W.2d at 776. Based
on the evidence, the Board found that Allen presently suffers from chemical dependency and that
he is in need of psychiatric assistance. Apparently, the Board found that Allen's "prior mental
or emotional illness or conditions" were relevant as tending to indicate a present lack of fitness.

 The supreme court has not undertaken the impossible task of implementing specific
standards for the Board to employ when attempting to determine whether an applicant has been
"clean" or sober long enough to remove the chemically dependent label. The Board must look
at the evidence in each individual situation to determine chemical dependence. After a "good
moral character and fitness" hearing, the Board has the discretion to recommend, among other
things, that an applicant be granted a regular license, a probationary license, or no license at all. 
Tex. R. Governing Bar Admission 15(f). "The Board shall not have the authority to refuse to
recommend the granting of a Probationary License to an Applicant who has passed the applicable
bar examination solely because the Applicant suffers from chemical dependency." Tex. R.
Governing Bar Admission 16(b). 

 Pursuant to its authority under the Rules, the Board ordered that Allen's good
moral character and fitness be conditionally approved and that he be recommended for a
probationary license upon passing the Texas Bar Examination. See Tex. R. Governing Bar
Admission 16(a)(1). The probationary license extended for two years and contained thirteen
conditions. Among other things, these conditions included abstinence from alcohol, obtaining
psychiatric or psychological care, compliance with the Lawyers' Assistance Program, participation
in Alcoholics Anonymous, and submission to random alcohol/drug screens. Although we may
not agree that certain of the thirteen conditions comply with Texas Government Code
section 82.038 or with Rule 16(c) of the Rules Governing Admission to the Bar of Texas, neither
the Board's power to delineate such conditions, nor the extent of such conditions are challenged
by this appeal and thus we do not address those issues.

 In this case, Allen had been sober for seventeen months prior to the hearing, but
he was not participating in any structured treatment program. In light of all the evidence of
alcohol abuse, including Allen's previous unsuccessful attempt to stop drinking, his seventeen
months of sobriety did not remove the Board's discretion to find Allen presently chemically
dependent. We refuse to set the precedent that seventeen months is an adequate period of sobriety
under any circumstance to eliminate the possibility that an applicant remains chemically
dependent. The Board did not improperly deny Allen an opportunity to practice law because he
was found to be chemically dependent, but rather attempted to exercise its discretion properly by
awarding Allen a probationary license. The district court improperly usurped the Board's
authority and replaced the Board's judgment with its own. Based on the evidence in the
administrative record excluding the chemical dependency evaluation, (1) we find that there was
substantial evidence to reasonably support the Board's decision that Allen was presently
chemically dependent. 



CONCLUSION


 We hold that, because substantial evidence existed in the record to support the
Board's decision that Allen was presently chemically dependent at the time of the hearing, the
district court improperly substituted its judgment for that of the Board. Because we sustain the
Board's second point of error, it is unnecessary to address appellant's remaining points of error. 
We reverse the district court's judgment and render judgment affirming the Board's order. 



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Jones and B. A. Smith


Reversed and Rendered


Filed: October 18, 1995


Publish


1.   The failure to consider the chemical dependency evaluation in our decision is in no way
indicative of our opinion as to whether such evaluation was properly before the Board for
consideration at the good character and fitness hearing.


ss.

 The supreme court has not undertaken the impossible task of implementing specific
standards for the Board to employ when attempting to determine whether an applicant has been
"clean" or sober long enough to remove the chemically dependent label. The Board must look
at the evidence in each individual situation to determine chemical dependence. After a "good
moral character and fitness" hearing, the Board has the discretion to recommend, among other
things, that an applicant be granted a regular license, a probationary license, or no license at all. 
Tex. R. Governing Bar Admission 15(f). "The Board shall not have the authority to refuse to
recommend the granting of a Probationary License to an Applicant who has passed the applicable
bar examination solely because the Applicant suffers from chemical dependency." Tex. R.
Governing Bar Admission 16(b). 

 Pursuant to its authority under the Rules, the Board ordered that Allen's good
moral character and fitness be conditionally approved and that he be recommended for a
probationary license upon passing the Texas Bar Examination. See Tex. R. Governing Bar
Admission 16(a